UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,   )
                            )   08-CR-917 (JBW)
                            )
v.                          )   Statement of Reasons Pursuant to
                            )   18 U.S.C. § 3553(c)(2)
                            )
VICTOR REYES,               )
                            )
            Defendant.      )
───────────────────────────────)

JACK B. WEINSTEIN, Senior United States District Judge:

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On March 12, 2009, Victor Reyes pled guilty to a single-count indictment, which charged that on November 23, 2008, the defendant, a citizen of Mexico previously deported from the United States after a felony conviction for burglary, was found in the United States without the permission of the Secretary of the United States Department of Homeland Security to re-enter, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

Reyes was sentenced on June 3, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be ten and defendant's criminal history category to be two, yielding a guidelines range of imprisonment of between eight and fourteen months. Available as an alternative pursuant to Section 5C1.1(d)(2) of the United States Sentencing Guidelines was a term of imprisonment of four months followed by a term of supervised release with a special condition requiring four months community confinement or home detention. The offense carried a maximum term of imprisonment of ten years. 8 U.S.C. § 1326(b)(1). The guidelines range of fine was from $2,000 to $20,000.

Reyes was sentenced to time served and three years supervised release. A sentence of time served is the equivalent of the eight-month minimum under the guidelines, as the defendant has been in custody since November 23, 2008, and will be detained by Immigration and Customs Enforcement until his deportation to Mexico. The government had no objection to a sentence of

2

time served. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Despite the seriousness of the defendant's illegal re-entry, the underlying offense for which Reyes was previously deported—stealing a toolbox from a porch—appears to have been a thoughtless escapade by immature boys. The defendant is responsible and hard-working, and has a supportive family. He is fluent in English and Spanish, and is culturally assimilated in the United States. It is unlikely that he will commit another crime. A sentence of time served will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by a sentence of time served, which is at the least the equivalent of the eight-month minimum under the guidelines. Specific deterrence is accomplished by the sentence imposed as it is unlikely that the defendant will engage in further criminal activity in light of his acceptance of responsibility, remorse, and concern for his family.

Jack B. Weinstein

3

Senior United States District Judge

Dated: June 5, 2009
      Brooklyn, New York